IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                          19-CR-182

ANTHONY ALLEE,

　　　　　　　　　Defendant.

---

### PLEA AGREEMENT

　　The defendant, ANTHONY ALLEE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.　　THE PLEA AND POSSIBLE SENTENCE

　　1.　　The defendant agrees to waive indictment and plead guilty to a two-count Superseding Information, which charges:

　　a.　　In Count 1, a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute and distribution of cocaine) for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life; and

　　b.　　In Count 2, a violation of Title 18, United States Code, Section 924(c)(1)(B)(i) (knowing and unlawful possession of a short-barreled shotgun in furtherance of drug trafficking) for which the mandatory minimum term of imprisonment is 10 years and the

maximum possible sentence is a term of imprisonment of life, such sentence to be imposed consecutively to any other term of imprisonment, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 5 years.

 c. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

 2. The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

 3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 7 years, without credit for time previously served on supervised release.

## II. ELEMENTS AND FACTUAL BASIS

 4. The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

Count 1

 a. The defendant possessed a controlled substance;

 b. The defendant knew that he possessed a controlled substance; and

 c. The defendant intended to distribute, or actually distributed, the controlled substance.

Count 2

a. The defendant committed a drug trafficking crime for which he could be prosecuted in a Court of the United States;

b. The defendant knowingly possessed a firearm;

c. The firearm possessed was a short-barreled shotgun; and

d. The possession of the short-barreled shotgun was in furtherance of the drug trafficking crime.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

   a. Beginning in or before April 2019, continuing until July 22, 2019, in the Western District of New York, the defendant, ANTHONY ALLEE, did knowingly, intentionally, and unlawfully use and maintain his premises at 10202 Ridge Road, Medina, New York, for the purpose of manufacturing, distributing, and using marijuana, a Schedule I controlled substance; hydrocodone, a Schedule II controlled substance; and cocaine, a Schedule II controlled substance. During this time period, the defendant possessed each of these controlled substance with intent to distribute and distributed these controlled substances. Specifically, the defendant sold these substances to various customers out of the premises.

   b. In the same time-period during which the defendant distributed controlled substances, the defendant possessed various firearms in furtherance of his drug trafficking in order to protect himself, his drugs, and his drug proceeds.

   c. On July 22, 2019, a state search warrant was executed at 10202 Ridge Road, Medina, New York, the residence belonging to the defendant. The search warrant resulted in the seizure of multiple firearms, ammunition, numerous articles of stolen property, approximately 73.85 grams of marijuana, 247 hydrocodone pills, cocaine residue located on a working digital scale with a razor blade, two additional digital scales, a vacuum sealer with bags, and knotted baggies.

    d. The defendant, ANTHONY ALLEE, admits that one of the firearms recovered at 10202 Ridge Road, Medina New York was a Remington 870, 12-gauge shotgun, bearing serial number X038629M, that had an altered barrel. The defendant further admits the firearm barrel length is 13 5/8 inches long with an overall length greater than 26 inches.

    e. The defendant, ANTHONY ALLEE, admits that the Remington 870, 12-gauge shotgun, bearing serial number X038629M, that had an altered barrel was possessed in furtherance of his drug distribution activity at the premises.

    f. Converting marijuana, hydrocodone, and cocaine to converted drug weight, the equivalent of at least 40 kilograms, but less than 60 kilograms is the amount involved in the defendant's relevant conduct encompassed in the Superseding Information which could be readily proven by the government against the defendant. The defendant admits to this conduct.

### III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines §§ 2D1.1(a)(5), and 2D1.1(c)(11) apply to the offense of conviction in Count 1 and provide for a base offense level of 18.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristic does apply to Count 1:

     a.    the two level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining a premises to manufacture or distribute a controlled substance).

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction in Count 1 is 20.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 17 for Count 1.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is **III**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. It is the understanding of the government and the defendant that, with a total offense level of **17** and criminal history category of **III**, the defendant's sentencing range for

Count 1 would be a term of imprisonment of **30** to **37** months, a fine of **$10,000** to **$1,000,000**, and a period of supervised release of **3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

13. The government and the defendant agree that Guidelines § 2K2.4(b) applies to the offense of conviction in Count 2 and provides that the Guidelines sentence is the minimum term of imprisonment required by statute. The applicable statute, Title 18, United States Code, Section 924(c)(1)(B)(i), requires a term of imprisonment of not less than **10 years** to be imposed consecutively to any other sentence of imprisonment, a fine of up to **$250,000**, and a term of supervised release of **2** to **5** years.

14. Based on the above, it is the understanding of the government and the defendant that the aggregate sentencing range for defendant is a term of imprisonment of **150** to **157** months (120 months on Count 2 to run consecutive to 30 to 37 months on Count 1), a fine of **$10,000** to **$1,000,000** and a term of supervised release of **3** to **5** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement for both counts of conviction.

15. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or

recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

16. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentences imposed by the Court.

### IV. STATUTE OF LIMITATIONS

17. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

### V. REMOVAL

18. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if

convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

19. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

20. At sentencing, the government will move to dismiss the indictment as against the defendant.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

22. As consideration for the defendant's pleas of guilty pursuant to this agreement, the government agrees that it will offer co-defendant Tashira Allee a plea agreement pursuant to which she will plead guilty to Count 4 of the Indictment, a violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2 (maintaining a drug involved premises), in full satisfaction of the charges against her in the Indictment.

### VII.   APPEAL RIGHTS

23. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above

notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

### VIII.   FORFEITURE PROVISION

26.   The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms and ammunition described below and agrees to the immediate entry of a <u>Preliminary Order of Forfeiture</u> pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, Section 2461(c) against the following property:

- a. a Chinese, Arsenal Model 56 SKS, 7.62 x 39mm fully automatic rifle, bearing serial number 22000456, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

- b. a Anderson Manufacturing, Model AM-15, semi-automatic rifle, bearing serial number 18096094, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

- c. a Remington, Model 870 Express, 12 gauge pump-action shotgun, bearing serial number X038629M, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

- d. a Richard, unknown model, 12 gauge, double-barrel shotgun, bearing serial number 362, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

- e. a Smith and Wesson, Model M&P 15, 5.56 NATO, semi-automatic rifle, bearing serial number TE77499, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

- f. a Taurus, Model The Judge, .45 LC caliber/.410 gauge, revolver, bearing serial number K0190388, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

    g.    a Poly Technologies, Model AKS-762, 7.62 x 39mm, semi-automatic rifle, bearing serial number 92025, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

    h.    an unknown make and model, 223 REM, semi-automatic rifle, bearing no serial number, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

    i.    a Yugoslavian, Model M59/66, 7.62 x 39 mm, semiautomatic rifle, bearing serial number S-663311, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

    j.    a Hopkins and Allen, unknown model, 12 gauge, single shot shotgun, bearing no serial number, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

    k.    an Ithaca, Model M-87-Featherlight, 12 gauge, pump-action shotgun, bearing serial number 371072072, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

    l.    a Marlin, Glenfield Model 60, 22 LR, semi-automatic rifle, bearing serial number 23293687, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

    m.    a Colt, Model 1911, 45 Auto, semi-automatic pistol, bearing no serial number, seized July 22, 2019, at 10202 Ridge Road, Medina, New York;

    n.    a Ruger, Model 10/22 carbine, 22 LR, semi-automatic rifle, bearing serial number 249-52473, seized July 22, 2019, at 10202 Ridge Road, Medina, New York; and

    o.    various assortments of .22 caliber, Colt .45, .45 ACP, 7.62x39mm, 12 gauge and other known and unknown calibers of ammunition, seized July 22, 2019, at 10202 Ridge Road, Medina, New York.

27.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final

as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

28. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

29. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## IX.  TOTAL AGREEMENT AND AFFIRMATIONS

30.  This plea agreement represents the total agreement between the defendant, ANTHONY ALLEE, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
JUSTIN G. BISH
Assistant United States Attorney

Dated: July 21, 2020

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, Dominic Saraceno, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
ANTHONY ALLEE
Defendant

Dated: July ̲2̲1̲, 2020

_____
DOMINIC SARACENO, ESQ.
Attorney for the Defendant

Dated: July ̲2̲1̲, 2020

14