UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

    v.                                                          19-CR-182 (JLS)

ANTHONY ALLEE,

            Defendant.

───────────────────────────────

## DECISION AND ORDER

Before the Court is Defendant Anthony Allee's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. 114. For the reasons below, the motion is denied.

## BACKGROUND

On July 21, 2020, Allee pled guilty to a two-count Superseding Information charging him with violations of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute, and distribution of, cocaine) and Title 18, United States Code, Section 924(c)(1)(B)(i) (knowing and unlawful possession of a short-barreled shotgun in furtherance of drug trafficking). *See* Dkt. 70. On November 18, 2020, this Court sentenced Defendant to 30 months of imprisonment on Count 1 and 120 months of imprisonment on Count 2 to be served consecutively—a total of 150 months—and a term of supervised release for 3 years on each count, to be served concurrently. *See* Dkt. 98.

On August 23, 2022, Defendant moved for compassionate release and a sentence reduction. Dkt. 105. After considering the parties' arguments and

briefing, this Court denied Defendant's motion by Decision and Order dated September 21, 2022. Dkt. 111.

Defendant filed the instant motion on April 22, 2025. Dkt. 114. He is currently housed at United States Penitentiary Leavenworth ("FCI Leavenworth"), with a projected release date of April 15, 2030. *See* BOP Inmate Location, https://www.bop.gov/mobile/find_inmate/byname.jsp (last accessed June 3, 2025). He seeks compassionate release on various grounds, including his medical circumstances, family situation, and claimed rehabilitation—as well as the conditions of his confinement. *See* Dkt. 114.

The Government opposed Defendant's motion, arguing that he failed to exhaust administrative remedies or demonstrate extraordinary and compelling circumstances justifying a sentence reduction. *See* Dkt. 117. The Government further argues that the 18 U.S.C. § 3553(a) factors counsel against Defendant's release. *See id.* Defendant did not reply.

## DISCUSSION

### I. LEGAL STANDARD

A "judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *United States v. Seshan*, 850 F. App'x 800, 801 (2d Cir. 2021) (summary order) (quoting *Dillon v. United States*, 560 U.S. 817, 824 (2010)). The compassionate release statute, as amended by the First Step Act, provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i)–(ii).[1]

Accordingly, before "it may grant a compassionate release motion, a district court must find that: (1) the movant exhausted his administrative remedies, (2) an extraordinary and compelling reason justifies sentence reduction, and (3) the § 3553(a) sentencing factors weigh in favor of sentence reduction." *United States v. Jackson*, No. 23-7290-CR, 2024 WL 4635159, at *1 (2d Cir. Oct. 31, 2024) (citing *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021)) (summary order). And if the "district court determines that one of those conditions is lacking, it need not address the remaining ones." *Keitt*, 21 F.4th at 73.

The "district court has broad discretion when considering a motion for compassionate release." *United States v. Young*, No. 24-1913, 2025 WL 1416738, at

---

[1] As "part of the First Step Act of 2018, Congress authorized courts to reduce a term of imprisonment upon motion by a defendant." *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022). And in November 2023, "the Sentencing Commission amended the Guidelines to . . . cover defendant-initiated petitions." *United States v. Harris*, No. 15 CR. 445-11 (PAE), 2024 WL 3718049, at *3 (S.D.N.Y. Aug. 7, 2024) (citing U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254 (effective Nov. 1, 2023)).

*1 (2d Cir. May 16, 2025) (summary order) (internal citation and quotation marks omitted). The "defendant carries the burden of showing that he . . . is entitled to a sentence reduction under the statute." *United States v. Roney*, No. 10-CR-130S, 2020 WL 2846946, at *2 (W.D.N.Y. June 2, 2020), aff'd, 833 F. App'x 850 (2d Cir. 2020).

## II.  ANALYSIS

On this record, Defendant fails to satisfy any of the conditions that are required to grant compassionate release. His motion, therefore, is denied.

### A. Exhaustion Requirement

First, Defendant fails to demonstrate that he exhausted administrative remedies. Under the statute, a defendant satisfies the exhaustion requirement if he establishes either: (1) that the Bureau of Prisons denied his request to bring a compassionate release motion, and he fully exhausted all administrative appeal rights with respect to that denial, or (2) that the warden of the facility took no action on his request for the filing of a compassionate release motion within 30 days of receiving it. *See* 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant checked a box indicating that he did not submit a request for compassionate release to the warden at FCI Leavenworth. *See* Dkt. 114 at 4. And in the absence of any evidence that he exhausted administrative remedies, his motion must be denied. *See United States v. Alvarez*, No. 89-CR-0229(JS), 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020) ("a defendant's failure to exhaust administrative remedies is a 'threshold matter' preventing the Court from

4

considering a Section 3582 application") (internal citation omitted).

### B. Section 3553(a) Factors

Second, even assuming exhaustion, the Section 3553(a) factors counsel against compassionate release on this record. Those factors include: "the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities." *United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (citing 18 U.S.C. § 3553(a)) (summary order).

Here, the nature, circumstances, and seriousness of the offenses weigh against compassionate release. Defendant pled guilty to serious crimes involving drugs and guns. *See* Dkt. 70 (plea agreement). His conduct involved possessing and distributing cocaine—a Schedule II controlled substance—as well possessing a short-barreled shotgun in furtherance of drug trafficking crimes. *See id.* ¶ 5 (factual basis). Indeed, upon execution of a search warrant, law enforcement discovered a large amount of stolen property as well as multiple firearms at Defendant's residence. *See id.* Although Defendant argues that he "committed no actual violence," Dkt. 114 at 16, his conduct undoubtedly posed a substantial risk of harm to the public. The serious penalties associated with his crimes—including a 10-year mandatory minimum for the firearm offense—reflect that danger.

Defendant's history and characteristics also do not favor compassionate

5

release. At the time of sentencing, Defendant had a substantial criminal history resulting in a total criminal history score of six (Category III). *See* Dkt. 79. He has prior convictions for endangering the welfare of children—one of which is based on supplying an individual with marijuana in exchange for electronics. *See id.* He has also been convicted of attempted robbery, criminal possession of stolen property, and aggravated harassment. *See id.* Indeed, Defendant's history and the instant offense make clear that his prior convictions "did not dissuade him from engaging in further criminal activity." *United States v. Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021).

Further, the Court is mindful of the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of Defendant. *See* Section 3553(a)(2). At sentencing, the Court considered the totality of the circumstances of Defendant's case, and all the mitigating and aggravating factors. The Court also recommended that BOP place Defendant in a facility near his family and with appropriate mental health counseling programs. *See* Dkt. 98.

In sum, after careful deliberation, the Court imposed a sentence—which included a term of imprisonment followed by a term supervised release—that would be consistent with the factors set forth in Section 3553(a). And releasing Defendant at this juncture would seriously undermine the goals of sentencing as reflected by

the Court's original sentence.[2]

## C. Extraordinary and Compelling Reasons

Lastly, Defendant fails to identify any "extraordinary and compelling" reason for this Court to modify his sentence. *See* 18 U.S.C. § 3582(c)(1)(A). District courts "have broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release." *United States v. Parrilla*, No. 23-7117-CR, 2024 WL 4763940, at *3 (2d Cir. Nov. 13, 2024) (citing *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)). *See also United States v. Sanchez*, No. 23-7777, 2024 WL 4647668, at *2 (2d Cir. Nov. 1, 2024) ("a district court's discretion in this area—as in all sentencing matters—is broad") (quoting *Brooker*, 976 F.3d at 237).

The United States Sentencing Commission has articulated various circumstances, any of which, "or a combination thereof," may give rise to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(b). As relevant here, those include "medical circumstances," as well as "family circumstances," of the defendant. *Id.* § 1B1.13(b)(1), (3). The Commission further instructs that extraordinary and compelling reasons may exist where the "defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in [the proceeding]

---

[2] When "a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Keitt*, 21 F.4th at 73. The Court, nevertheless, addresses Defendant's proffered reasons in the next section.

paragraphs . . . are similar in gravity to those described in [those] paragraphs . . . ." *Id.* § 1B1.13(b)(5). Furthermore, "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." *Id.* § 1B1.13(e). Therefore, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." *Id.*

Here, Defendant identifies several circumstances that he believes justify compassionate release—including his medical needs, conditions of confinement, rehabilitation, and family circumstances. *See* Dkt. 114. But none of these circumstances, together or separately, gives rise to "extraordinary and compelling" reasons warranting a reduction in his sentence. *See* 18 U.S.C. § 3582(c)(1)(A).

1. Medical Circumstances

U.S.S.G. § 1B1.13(b)(1) provides that, extraordinary and compelling reasons may exist because of the medical circumstances of the defendant where:

> (A) The defendant is suffering from a terminal illness . . . [;](B) The defendant is[:] (i) suffering from a serious physical or medical condition[;] (ii) suffering from a serious functional or cognitive impairment[;] or (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[; or] (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death . . . .

Here, Defendant states that he suffers from high blood pressure, high heart

rate, various mental health conditions, and physical limitations due to shoulder surgery. *See* Dkt. 114 at 6. He claims that he is "currently taking medication for high heart rate and high blood pressure," and has "tried for over 2 years to get test[ing] done." *Id.* at 16. He further claims that he has had two staph infections due to "poor conditions." *Id.*

On this record, Defendant's medical circumstances do not justify compassionate release. There is no evidence that he is terminally ill, cannot provide self-care, or that any of his conditions requires medical care that is not being provided. To the contrary, BOP health records demonstrate that he is regularly communicating with medical staff, being evaluated, and receiving treatments. *See* Dkt. 119. And he has been provided with medication specifically to treat his high blood pressure, high heart rate, and mental health conditions. *See, e.g., id.* at 52. Defendant fails, moreover, to provide any explanation as to the supposed testing he has attempted to undergo. And there is nothing to suggest that any staph infection he may have suffered was inadequately addressed.

In sum, this record reveals that Defendant's medical conditions are being appropriately managed. Indeed, courts "routinely find that medical conditions that are being appropriately managed while in the custody of BOP do not rise to the level of extraordinary and compelling circumstances." *United States v. Bou*, No. 22-CR-20262, 2025 WL 580520, at *6 (S.D. Fla. Feb. 3, 2025), report and recommendation adopted, No. 22-CR-20262, 2025 WL 578474 (S.D. Fla. Feb. 21,

9

2025) (collecting cases).[3]

2. <u>Family Circumstances</u>

Nor do Defendant's family circumstances warrant compassionate release. In "assessing whether a defendant's family circumstances constitute extraordinary and compelling reasons, courts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions." *United States v. Garcia*, No. 01-CR-1110 (LAP), 2025 WL 1004409, at *3 (S.D.N.Y. Apr. 3, 2025) (internal citation and quotation marks omitted).[4]

---

[3] The Court also took Defendant's then-existing health circumstances into account at the time of sentencing.

[4] USSG § 1B1.13(b)(3) provides that, "Family Circumstances of the Defendant" include:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family

10

Here, Defendant relies on "severe damage" that he believes his daughter and other family members have suffered as a result of his incarceration. *See* Dkt. 114 at 16. But it appears that Defendant's family circumstances are "no different from those ordinarily experienced by many families who have a family member in prison." *United States v. Herrera*, No. 21-CR-750 (LJL), 2023 WL 3862695, at *3 (S.D.N.Y. June 7, 2023). Indeed, it "is a sad, but ordinary, consequence that the conviction of a crime will impose burdens on innocent family members." *Id.* While Defendant's absence likely causes hardship for his family members, there is no evidence that his presence is indispensable for the care of his child, or that his circumstances are otherwise extraordinary.

### 3. Conditions of Confinement

Defendant also fails to demonstrate that his conditions of confinement justify compassionate release. Under U.S.S.G. § 1B1.13(b)(1)(D), extraordinary and compelling reasons may exist where:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

---

member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

Here, Defendant argues that BOP facilities are "overcrowded and underfunded." *See* Dkt. 114 at 16. He also claims it is "no secret that the medical in BOP is very poor." *Id.* But without more, Defendant's generalized allegations about prison conditions do not present a "compelling or extraordinary" reason for compassionate release. *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("to the extent that [Defendant] challenges the conditions and medical care at [his BOP facility] more generally, a compassionate-release motion is not the right vehicle"); *United States v. White*, No. 1:13-CR-51-JMS-TAB-1, 2024 WL 866720, at *2 (S.D. Ind. Feb. 29, 2024) ("Allegations that BOP conditions are violent and dangerous . . . are not grounds for a sentence reduction under § 3582(c)(1)(A) . . . . Further, every inmate at [Defendant's] facility, and indeed, many inmates across the country have dealt with similar issues. [Defendant] has simply not shown that his situation is extraordinary as compared to other inmates").

4. Rehabilitation

Lastly, Defendant's rehabilitation efforts, while commendable, do not warrant compassionate release. The "only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" *Brooker*, 976 F.3d at 237–38 (quoting 28 U.S.C. § 994(t)). *See also* U.S.S.G. § 1B1.13(d). And as discussed above, Defendant fails to identify any additional circumstances justifying compassionate release. Without more, the Court finds no basis for compassionate

12

release. *See United States v. Solano*, No. 3:19-CR-00495-IM-1, 2024 WL 4458560, at *3 (D. Or. Oct. 10, 2024) ("participating in such programs while incarcerated should be considered the norm, rather than an 'extraordinary' or 'compelling' anomaly").

## CONCLUSION

In sum, Defendant does not justify a reduction in his sentence.[5] As such, his [114] motion is DENIED.

SO ORDERED.

DATED:   June 5, 2025
         Buffalo, New York

                                   _____
                                   JOHN L. SINATRA, JR.
                                   UNITED STATES DISTRICT JUDGE

---

[5] To the extent U.S.S.G. § 1B1.13(a)(2) calls for consideration of danger to the community, the Court has accounted for that in its analysis of the Section 3553(a) factors. But the Court notes that 18 U.S.C. 3582(c)(1)(A) places the danger to community component in a different subparagraph that does not apply here.

13